IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE WEEKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) <br> ) | No. 16 C 8458 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Denise Weeks's ("Plaintiff") claim for Supplemental Security Income ("SSI") under Title XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 11] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. Procedural History

Plaintiff filed her application for SSI in March 2014, alleging disability beginning in March 2013, due to high blood pressure, carpal tunnel syndrome, lower back pain and vertigo.[2] (R. 169–76, 198.) Her application was denied initially and again upon reconsideration. (R. 91–112.) Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ") on March 2, 2016. (R. 38–90.) She was represented. (*Id.*) A vocational expert, Thomas Dunleavy, was also present at the hearing and testified. (*Id.*) On March 8, 2016, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 15–37.) The Appeals Council ("AC") denied review on July 5, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

## II. ALJ Decision

On March 11, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 15–37.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 28, 2014, her application date. (R. 20.) At step two, the ALJ found that Plaintiff suffered from severe impairments of carpal tunnel syndrome, depression, and anxiety. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or

---

[2] Plaintiff's disability report lists "verigo" as a medical condition. (R. 198.) It is clear from the record that Plaintiff intended to put "vertigo." (R. 267, 293.)

combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 21.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[3] At step four, the ALJ concluded that Plaintiff has no past relevant work. (R. 31.) At step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed including usher and self-service sales clerk. (R. 32.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 33.)

## **DISCUSSION**

### III.  ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

---

[3] At this stage, the ALJ determined Plaintiff:
> is unable to engage in hand controls with her right dominant upper extremity and she can handle objects with her right and finger occasionally. [Plaintiff] can occasionally climb ladders, ropes, and scaffolds and frequently balance, stoop, kneel, crouch and crawl. Additionally, [Plaintiff] is limited to simple routine tasks and limited to simple work-related decision. Her ability to deal with changes in the work setting is limited to simple work-related decisions.

(R. 23.)

3

U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV.   Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

4

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the

5

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.   **Analysis**

Plaintiff argues that the ALJ's decision should be remanded because: (1) he improperly evaluated the opinion evidence and (2) his RFC determination was unsupported by substantial evidence. For the reasons the follow, the Court finds that remand is appropriate.

**A. Opinion Evidence**

First, Plaintiff argues that the ALJ improperly discounted the opinions of her treating physicians Dr. Andrea Caplea, M.D., Dr. Adianez Albelo, M.D., and Dr. Alfredo Sy, M.D.

**i. Dr. Albelo**

On September 17, 2015, Plaintiff's treating doctor, Adianez Albelo, M.D., completed a medical source statement. In the statement, Dr. Albelo opined that Plaintiff was unable to meet the competitive standards[4] for: (1) maintaining attention for two hours; (2) setting realistic goals or making plans independently of others; or (3) dealing with the stress of semiskilled and skilled work. (R. 414–15.) She also opined that Plaintiff would be seriously limited[5] in understanding,

---

[4] This term is defined as "patient has noticeable difficulty (e.g., distracted from job activity) from 21 to 40 percent of the workday or work week." (R. 414.)
[5] This term is defined as "patient has noticeable difficulty (e.g., distracted from job activity) from 11 to 20 percent of the workday or work week." *Id.*

6

remembering, and carrying out detailed instructions. (R. 415). As a result of her impairments, Dr. Albelo opined that Plaintiff would be absent from work about four days per month. (R. 416.)

In his decision, the ALJ gave "little" weight to Dr. Albelo's opinion that Plaintiff would be absent from work about four days per month due to her impairments because he found that it was unsupported by the record and Plaintiff's general compliance with her treatment. (R. 30.) He then accorded "partial" weight to Dr. Albelo's opinion that Plaintiff is generally capable of performing unskilled work. (*Id*.) Plaintiff claims the ALJ erred because he did not explain what weight he accorded to the rest of Dr. Albelo's opinion.

Plaintiff relies on SSR 96-5p, which states that "[a]djudicators must remember . . . that medical source statements may actually comprise separate medical opinions regarding diverse physical and mental functions . . . and that it *may* be necessary to decide whether to adopt or not adopt each one." 1996 WL 374183, at *4. (emphasis added). Although the language of the ruling is discretionary, if an ALJ's RFC finding conflicts with the opinions of a medical source, then the ALJ must explain why the opinions were not adopted. SSR 96-8p, 1996 WL 374184, at *7.

In his decision, the ALJ failed to explicitly address Dr. Albelo's opinions that Plaintiff would be unable to meet the competitive standards for maintaining attention for two hours, setting realistic goals, or making plans independently of others. While this generally may not be considered a fatal error under SSR 96-5p,

7

here the Court must remand because these opinions conflict with the ALJ's ultimate RFC. As noted earlier, the ALJ's RFC stated that Plaintiff:

> is unable to engage in hand controls with her right dominant upper extremity and she can handle objects with her right and finger occasionally. [Plaintiff] can occasionally climb ladders, ropes, and scaffolds and frequently balance, stoop, kneel, crouch and crawl. Additionally, [Plaintiff] is limited to simple routine tasks and limited to simple work-related decision. Her ability to deal with changes in the work setting is limited to simple work-related decisions.

(R. 23.) It contains no limitations related to Plaintiff's ability to maintain attention for two hours, set realistic goals, or make plans independently of others—limitations Dr. Albelo specifically opined Plaintiff would impact Plaintiff's functional ability.[6] Accordingly, the Court finds that remand is appropriate so the ALJ can explain his consideration of Dr. Albelo's opinion in accordance with the regulations.

**B. RFC Determination**

Plaintiff also contends that the ALJ erred when he equated her limitations in concentration, persistence, or pace to an ability to perform simple, routine tasks and make simple work-related decisions.

At the hearing, the ALJ asked the VE a series of increasingly restricted hypotheticals to determine whether jobs still existed in the local and nationally economy which Plaintiff could perform. At one point the ALJ asked the VE to consider whether a hypothetical individual with Plaintiff's same age and education, who was, among other things, limited to "performing simple, routine tasks" and

---

[6] It could be argued that the ALJ accounted for Plaintiff's limited ability to maintain attention by limiting her to "simple, routine tasks." For the reasons articulated in Part B of this decision, this limitation did not adequately address Plaintiff's functional abilities.

8

limited to "simple work-related decisions", could perform work in the national economy. (R. 82.) The VE replied that such an individual could work as an assembler, packager, or sorter. (R. 81–82.) The ALJ followed-up by adding other limitations which further restricted the jobs available to Plaintiff. (R. 83.)

In making her argument, Plaintiff relies on *O'Connor-Spinner v. Astrue*, where the Seventh Circuit held that, "[i]n most cases, [ ] employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." 627 F.3d 614 (7th Cir. 2010). *In O'Connor-Spinner*, the ALJ's hypothetical to the VE did not include specific limitations for concentration, persistence, or pace, and instead only limited the plaintiff to "routine, repetitive tasks" with simple instructions. In remanding the case, the Seventh Circuit stated that an ALJ's hypothetical must "orient the VE to the totality of a claimant's limitations." *Id*. at 618–19. Importantly, the Seventh Circuit stated that in "most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations." *Id*. at 620–21. Here, the ALJ did not do so.

The Commissioner's sole counter-argument is that the ALJ's limitation to work with simple, routine tasks and simple work-related decisions adequately reflected Plaintiff's limitations in concentration, persistence, or pace. *Def.'s Br.* at 8. First, the Commissioner fails to explain how this conclusory statement aligns with the requirements of *O'Connor-Spinner*.

9

Second, the Commissioner relies on *Minnick v. Colvin*, where the Court found that the ALJ's hypothetical questions to the VE adequately accounted for the claimant's difficulties in maintaining concentration, persistence, or pace because they were based on the testimony of a medical expert who opined that the claimant could still understand, remember, and carry out simple tasks and instructions. 14 C 50105, 2016 WL 693260, at *8 (N.D. Ill. Feb. 22, 2016). Here, there was no ME who testified at the hearing, thus the Commissioner's reliance on *Minnick* is misplaced. Accordingly, the Court finds that remand is required so that the ALJ's hypotheticals to the VE can adequately account for all of Plaintiff's limitations.

**C. Plaintiff's Remaining Arguments**

Because remand is required the Court need not address Plaintiff's remaining arguments at this time. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 11] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:   June 6, 2018**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**